**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:13CV422 |
| | § | |
| $445,633.74 IN UNITED STATES CURRENCY | § § | |

### REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

On December 9, 2013, the United States filed its Motion for Default Judgment (Dkt. 7). As set forth in the motion, the United States instituted this civil forfeiture action on July 25, 2013. In accordance with this Court's order and pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted the Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on August 28, 2013. The Notice required any claimant to the property to file a claim with the court within sixty days from the first date of the publication of the Notice, and serve and file an answer to the complaint or a motion under Fed. R. Civ. P. 12 within twenty-one days after the filing of the claim, as provided by Supplemental Rule of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions G(5).

In addition to notice by publication, the United States served notice on potential claimants Joshua Rubin (through his attorney Rick Kronfeld) and Mark Miskovsky by certified mail. No claim or answer has been filed by any other person or entity, and the time for filing a claim has passed. On December 10, 2013, the Clerk entered default in this matter confirming that no potential parties or claimants have answered or otherwise made a claim in this case (*see* Dkt. 8). Further,

1

since the filing of the Motion for Default Judgment, no claimant has appeared or attempted to appear in this matter.

The Court agrees with the United States that all potential claimants are in default and that judgment should be entered ordering forfeiture as to any and all claimants or potential claimants to Defendant property.

For these reasons, the Court finds that the Motion for Default Judgment (Dkt. 7) should be GRANTED, that a judgment of forfeiture be entered in favor of the United States and that all right, title, and interest in the Defendant property is vested in the United States. The Defendant property should be disposed of according to law.

***The Clerk of Court is directed to send a copy of this report via certified mail return receipt requested and first class mail to potential claimants Joshua Rubin (through his attorney Rick Kronfeld) and Mark Miskovsky at the addresses listed in Docket Entry 7-1.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with

notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE